# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>    Plaintiff,<br><br>  v.<br><br>LUIS G. SUAREZ, EVA H. SUAREZ, JUVENTINO ORTEGA and DOES 1 through 5, inclusive,<br><br>    Defendants. | 1:11-cv-01225 LJO GSA<br><br>**ORDER REGARDING NOTICE OF REMOVAL BY DEFENDANT LUIS G. SUAREZ**<br><br>(Document 1) |

On July 25, 2011, Defendant[1] Luis G. Suarez filed a Notice of Removal with this Court, seeking to remove an action from the Tulare County Superior Court. (Doc. 1.)

Pursuant to Title 28 of the United States Code section 1441(a), a defendant may remove an action to federal court if the district court has original jurisdiction. 28 U.S.C. § 1441(a); *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting *Ansley v. Ameriquest Mortg. Co.*, 340 F.3d 858, 861 (9th Cir. 2003)). If at any time before final judgment

---

[1] Although purportedly a notice of removal, Suarez creates a new caption and identifies the named defendants, including himself, in the state action as the "Plaintiff" in this action. Nonetheless, for the reasons set forth herein, the Court has no jurisdiction in this matter.

1

it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. 28 U.S.C. § 1447(c). Generally, a defendant seeking to remove an action to federal court must file a notice of removal within thirty days of receiving a copy of the initial pleading. 28 U.S.C. § 1446(b). The defendant seeking removal of an action to federal court has the burden of establishing federal jurisdiction in the case. *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004).

### *Timeliness*

Title 28 of the United States Code section 1446 provides, in pertinent part:

> (a) A defendant or defendants desiring to remove any civil action . . . from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.
> (b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed with the court and is not required to be served on the defendant, whichever period is shorter.
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . . .

Here, Defendant's removal notice provides a copy of the summons, civil case cover sheet, prejudgment claim of right to possession, and the verified complaint for unlawful detainer with exhibits from the Tulare County Superior Court action. (Doc. 1 at 6-25.) However, Defendant's notice of removal fails to reference any alleged date of service of process of the summons and verified complaint. (Doc. 1 at 1-4.) The verified complaint for unlawful detainer was filed with the Tulare County Superior Court on January 28, 2011, nearly 180 days prior to Defendant having filed the notice of removal with this Court. Thus, it appears to be untimely. 28 U.S.C. § 1446(b). While Defendant's pleading does state that the notice is "timely . . . because it is filed within 30 days of discovering that the case was ripe for removal" (Doc. 1 at 4), there is no

indication that the initial pleading - the verified complaint - did not provide Defendant with notice of the potential for removal. Moreover, even were the initial pleading to be construed as such, Defendant has not identified any subsequent and later "amended pleading, motion, order or other paper" that provided notice so as to find his notice to be timely. *See* 28 U.S.C. § 1446(b).

Nevertheless, although timeliness is unclear, the Court will turn to address the issue of jurisdiction.

### *Jurisdiction*

Defendant is attempting remove an unlawful detainer action based on federal question subject matter jurisdiction. (Doc. 1 at 3, ¶ 11(a)-(b).) However, Defendant cannot establish jurisdiction that is proper. Federal courts are courts of limited jurisdiction and lack inherent or general subject matter jurisdiction. Federal courts can adjudicate only those cases authorized by the United States Constitution and Congress. Generally, those cases involve diversity of citizenship or a federal question, or cases in which the United States is a party. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 114 S.Ct. 1673, 1677 (1994); *Finley v. United States*, 490 U.S. 545, 109 S.Ct. 2003, 2008 (1989). Federal courts are presumptively without jurisdiction over civil actions. *Kokkonen*, 511 U.S. at 377. Lack of subject matter jurisdiction is never waived and may be raised by the Court *sua sponte*. *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996). "Nothing is to be more jealously guarded by a court than its jurisdiction. Jurisdiction is what its power rests upon. Without jurisdiction it is nothing." *In re Mooney*, 841 F.2d 1003, 1006 (9th Cir. 1988).

Furthermore, the law is clear in the Ninth Circuit that the removal statute should be strictly construed in favor of remand and against removal. *Harris v. Bankers Life and Cas. Co*, 425 F.3d 689, 698 (9th Cir. 2005). The "strong presumption" against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper. *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n. 3 (9th Cir. 1990); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988). Federal jurisdiction must be rejected if

there is any doubt as to the right of removal in the first instance. *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992).

In this case, Defendant is unable to establish subject matter jurisdiction before this Court because the verified complaint filed in the state court contains a single cause of action for unlawful detainer based on California Code of Civil Procedure section 1161a. Unlawful detainer actions are strictly within the province of state court. Defendant's attempt at creating federal subject matter jurisdiction by adding claims or defenses to a notice of removal will not succeed. *See Catee v. Capital One, F.S.B.*, 479 F.3d 1143, 1145 (9th Cir. 2007) (even previously asserted counterclaims raising federal issue will not permit removal).

In determining the presence or absence of federal jurisdiction in removal cases, the "'well-pleaded complaint rule,' applies which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Plainly, Plaintiff Federal National Mortgage Association's verified complaint raises only a state law claim. Moreover, "it is well established that plaintiff is the 'master of her complaint' and can plead to avoid federal jurisdiction." *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 997-98 (9th Cir. 2007); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987) (citing *Gully v. First Nat'l Bank*, 299 U.S. 109 (1936)) ("It is long settled law that a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law").

Finally, despite Defendant's implied assertion that federal question subject matter jurisdiction exists based upon his assertion that Plaintiff Federal National Mortgage Association is somehow a federal agency or that the United States is a real party in interest (*see* Doc. 1 & 1-1), he is mistaken. While courts are split over whether Fannie Mae's[2] charter confers federal jurisdiction, courts in the Eastern District have concluded that there must be an independent basis of jurisdiction because the language in the charter includes the phrase "any court of competent

---

[2] Federal National Mortgage Association is also known as Fannie Mae.

4

jurisdiction" and courts have declined to construe that language as creating a grant of federal jurisdiction. *See Fannie Mae v. Cabesas*, 2011 WL 830145 (E.D. Cal. 2011); *Federal National Mortgage Ass'n v. Bridgeman*, 2010 WL 5330499 (E.D. Cal. 2010); *see also Federal National Mortgage Ass'n v. Ortega*, United States District Court for the Eastern District case number 1:11-cv-00760 LJO GSA, Docket Entry No. 4, dated May 13, 2011.

## CONCLUSION AND ORDER

Based on the above, this action is REMANDED *sua sponte* to the Tulare County Superior Court of California for all future proceedings.  Accordingly, the Clerk of the Court is directed to remand the matter to the Tulare County Superior Court and to close this case.

IT IS SO ORDERED.

**Dated:   July 27, 2011**                              /s/ Lawrence J. O'Neill
                                                                    UNITED STATES DISTRICT JUDGE